IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| **WILKIN PALACIOS**, *Plaintiff,* v. **JESSICA LUNDGREN; ADAM JAMES**, *Defendants,* | **CIVIL ACTION** **NO. 23-3096** |
|---|---|

### MEMORANDUM RE: SUMMARY JUDGMENT

**Baylson, J.**                                                                                                  February 27, 2024

Plaintiff Wilkin Palacios asks this Court to find Defendants caused him some injury as a matter of law. Because the parties offer conflicting expert opinions over this issue, the Court will **DENY** Plaintiff's motion for partial summary judgment.

### I.    UNDISPUTED FACTS

On December 16, 2022, Defendant Jessica Lundgren, driving a vehicle owned by Defendant Adam James, disregarded a stop sign and collided with a vehicle driven by Plaintiff Wilkin Palacios. Pl. Mot. Summ. J. ¶¶ 1–2, ECF 13. Plaintiff and Defendants have stipulated that Defendants were "100% negligent for causing the motor vehicle accident." Joint Stip. on Negligence, ECF 14.

Following the collision, Plaintiff sought treatment for back and neck injuries he believes he sustained in the crash.

## II.   DISPUTED FACTS

Plaintiff and Defendants dispute whether the car accident caused any of Plaintiff's alleged injuries. In support of their Motion for Summary Judgment, Plaintiff refers Dr. James Barrese's medical report that concludes Plaintiff suffered several injuries as a result of the car accident. Barrese Report at 4, Pl. Ex. B, ECF 13–2. Defendants respond with two medical experts of their own. Dr. Gregory Pharo, an Anesthesiologist and Pain Medicine specialist, opined that Plaintiff's injuries were "consistent with lumbar strain and sprain" and that Plaintiff "has reached maximum medical improvement in relationship to the soft tissue injuries as a result of the motor vehicle accident." Pharo Report at 6, Pl. Ex. C, ECF 13–3. Dr. James Weis, an Orthopedic Spine Surgeon, however, believes, with a reasonable degree of medical certainty, that "[t]here is no objective evidence Mr. Palacios sustained a bodily injury as a result of this accident." Weis Report at 11, Def. Ex. B, ECF 15. He goes on to state he does not believe Mr. Palacios suffered "a significant, or clinically relevant, bodily injury" from the accident. Id.

## III.   PROCEDURAL HISTORY

Plaintiff initiated this lawsuit against Defendants on August 11, 2023, seeking recovery from Defendants for Lundgren's negligent driving that allegedly caused Plaintiff some injuries. Pl. Compl. ¶¶ 20–26, ECF 1.[1] On January 10, 2024, Plaintiff moved for partial summary judgment on the issue of causation. Plaintiff argues that all experts agree the car accident caused some injury to Plaintiff. Pl. Mot. Summ J. ¶¶ 13–27, ECF 13. In their response, Defendants

---

[1] This Court has jurisdiction because the parties are in complete diversity and Plaintiff alleges damages greater than $75,000. 28 U.S.C. § 1332.

contend that Dr. Pharo and Dr. Weis put the issue of causation in dispute, and thus, proper for a jury, not judge, to decide. Def. Mot. Summ. J. at 13–15, ECF 15.

IV. **LEGAL STANDARD AND ANALYSIS**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

A party seeking summary judgment always bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving party's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. After the moving party has met its initial burden, the adverse party's response must, by "citing to particular parts of materials in the record," show that a fact is "genuinely disputed." Fed. R. Civ. P. 56(c)(1). Summary judgment is appropriate if the non-moving party fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party. Anderson, 477 U.S. at 255.

Here, there is genuine dispute over whether Defendants' negligence caused Plaintiff any injury. Causation is an element of negligence, and definitionally material. Quinby v.

Plumsteadville Fam. Prac., Inc., A.2d 1061, 1070 (Pa. 2006) (listing elements of negligence). Plaintiff's and arguably one of Defendants' experts acknowledge that the car accident caused Plaintiff some injury. See Pharo Report at 5; Barrese Report at 4. However, Dr. Weis plainly disagrees that the accident caused the Plaintiff injury—he states there is "no objective evidence [that Plaintiff] sustained a bodily injury as a result of this accident." Weis Report at 11. His opinion squarely puts the veracity of Plaintiff's claimed injuries within the jury's ken. Compare Andrews v. Jackson, 800 A.2d 959, 964 (Pa. Super. 2002) (no genuine dispute over causation when both medical experts acknowledged plaintiff suffered a cervical strain as a result of accident); with Flahn v. Parks, 253 A.3d 281 (Pa. Super. 2021) (genuine dispute over causation when defense expert opined that examination of medical records did not show injury from accident).[2]

    For the foregoing reason, Plaintiff's motion is **DENIED.** An Order will be forthcoming.

O:\CIVIL 23\23-3096 Palacios v LUndgren\23-cv-3096 Palacios v. Lundgren Memo re Summary Judgment.docx

---

[2] Dr. Weis's opinion does not opine on "subjective" evidence of injury (i.e. Plaintiff's opinion), but this Court finds that unnecessary. It is not a medical doctor's role to accuse a Plaintiff of lying about their subjective feelings. Rather, a medical opinion that unequivocally states no objective evidence establishes injury puts causation at issue. Holding otherwise would mean disputing causation requires a medical physician to state a plaintiff is deceiving regarding his injuries.